UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DENIS MOISEEV, *proceeding by his next friend* ANASTASIIA KANDASHKINA,

          Petitioner,

v.

KEVIN RAYCRAFT et al.,

          Respondents.

_____/

Case No. 1:26-cv-1446

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, proceeding by his next friend Ms. Kandashkina, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the lawfulness of Petitioner's detention.[1] For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**I.    Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following orders issued by the Detroit Immigration Court denying him bond and denying his request for a new bond hearing due to a change in circumstances, and he asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or ordering Respondents to provide Petitioner with a new bond hearing. (Pet., ECF No. 1, PageID.7.)

---

[1] As set forth below, the Court will permit Ms. Kandashkina to proceed as next friend of Petitioner in this action.

In an Order entered on May 7, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 6.) Respondents filed their response and a recording of the October 20, 2025, bond hearing on May 12, 2026, (Resp., ECF No. 6; Recording of Oct. 20, 2025, Bond Hearing, filed on May 12, 2026).

## II.    Next Friend Status

As a preliminary matter, the Court must determine whether Ms. Kandashkina may proceed as "next friend" of Petitioner. A petition for a writ of habeas corpus must be in writing and "signed and verified by the person for whose relief it is intended or by someone acting in [her] behalf," known as a "next friend." 28 U.S.C. § 2242; *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1989). "A 'next friend' does not [herself] become a party to the habeas corpus action in which [she] participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Whitmore*, 495 U.S. at 163 (citations omitted). Next friend status, therefore, is an exception to 28 U.S.C. § 1654, which states: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654.

To act on a detainee's behalf, a putative next friend must demonstrate that the detainee is unable to prosecute the case on his or her own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate." *Whitmore*, 495 U.S. at 163–64 (citations omitted); *see West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998). The *Whitmore* Court noted that the next friend might demonstrate his or her dedication to the "best interests" of the real party in interest by showing "some significant relationship" with that party. *Whitmore*, 495 U.S. at 164. The putative next friend must clearly establish "the propriety

of his [or her] status" in order to "justify the jurisdiction of the court." *Id.* (citations omitted). Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id*. at 163.

"[A] next-friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee . . . could file the petition." *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir. 1989) (citing *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978)). The putative next friend "must clearly and specifically set forth facts sufficient to satisfy the[] Art[icle] III standing requirements" because "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore*, 495 U.S. at 155–56 (citation omitted). Most significantly, "when the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Weber*, 570 F.2d at 514; *see Whitmore*, 495 U.S. at 163.

In this action, the Court concludes that the petition and attached documents adequately demonstrate that the justice system is inaccessible to Petitioner, who is detained in an ICE detention facility with limited English proficiency. Moreover, Ms. Kandashkina, Petitioner's wife, has demonstrated both a significant relationship with Petitioner and that she is truly dedicated to acting in Petitioner's best interests. Accordingly, the Court will permit Ms. Kandashkina to proceed as next friend to Petitioner.

## III.    Relevant Factual Background

"Petitioner is a citizen of Russia who was admitted to the United States as a B2 nonimmigrant visa holder with authorization to remain in the United States for a temporary period; however, Petitioner remained in the United States beyond the time authorized." Op., *Kandashkina*

*v. Unknown Party #1* (*Kandashkina I*), No. 1:26-cv-1043 (W.D. Mich. Apr. 15, 2026), (ECF No. 7).

On March 30, 2026, in *Kandashkina I*, Petitioner filed a § 2241 petition challenging the constitutionality of the Immigration Court's October 20, 2025, bond denial. In *Kandashkina I*, the Court denied Petitioner's petition without prejudice because "although Petitioner challenges his detention generally, Petitioner does not argue that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment and he does not contend that he ever sought a second custody redetermination hearing based upon the dismissal of [his] criminal charges." *Id.*

On April 14, 2026, Petitioner, proceeding with counsel, filed a motion in Immigration Court requesting a new bond hearing, and later that same day, an Immigration Judge denied Petitioner's request. (Resp., ECF No. 6, PageID.48 (citing Exs. B, C).) Thereafter, on April 16, 2026, Petitioner, proceeding with counsel, filed a second motion in Immigration Court requesting a new bond hearing, and on April 24, 2026, an Immigration Judge denied Petitioner's request because:

> [Petitioner] has failed to show a material change in circumstances since a prior Immigration Judge denied bond finding respondent a danger based on a DUI arrest and charge. [Petitioner] has simply shown that the DUI charge was dismissed, but the dismissal document also states he was convicted of a crime. [Petitioner] has failed to show on what basis the DUI charge was dismissed or what crime he was convicted of and whether such crime stemmed from the DUI arrest.

(*Id.*; Apr. 24, 2026, Order Immigration Judge, ECF No. 6-5, PageID.74.) Petitioner has not appealed to the Board of Immigration Appeals. (*See* Resp., ECF No. 6, PageID.48.)

## IV.    Discussion

In Petitioner's present § 2241 petition, Petitioner challenges his continued detention following the dismissal of his criminal charges and requests that the Court review the Immigration

4

Judge's orders denying Petitioner's requests for a new bond hearing due to a change in circumstances. (Pet., ECF No. 1.)

As the Court stated in *Kandashkina I*:

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see, e.g.*, *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). A noncitizen who remains detained under Section 1226(a) may also later obtain another custody determination whenever "circumstances have changed materially since the prior bond redetermination." 8 C.F.R. 1003.19(e).

In this case, although Petitioner challenges his detention generally, Petitioner does not argue that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment and he does not contend that he ever sought a second custody redetermination hearing based upon the dismissal of the criminal charges under 8 C.F.R. 1003.19(e). Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised in the Immigration Court. Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

Op., *Kandashkina v. Unknown Party #1* (*Kandashkina I*), No. 1:26-cv-1043 (W.D. Mich. Apr. 15, 2026), (ECF No. 7). This same reasoning and conclusion apply to the present action. After the denials of his requests for a new bond hearing due to a change of circumstances, Petitioner has not appealed the denials to the Board of Immigration Appeals. Accordingly, the Court will deny Petitioner's § 2241 petition without prejudice.

**<u>Conclusion</u>**

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:  <u>    May 20, 2026    </u>          <u>/s/ Jane M. Beckering          </u>
                                            Jane M. Beckering
                                            United States District Judge